IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) CIVIL ACTION NO. |
| Plaintiff, | ) ) |
| v. | ) ) |
| JP MORGAN CHASE BANK, N.A., SUCCESSOR in interest to THE CHASE MANHATTAN BANK, | ) ) ) |
| Defendant. | ) ) ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as well as Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and retaliation and to provide appropriate relief to William C. Judson ("Judson"), a qualified individual with a disability who was adversely affected by such practices. As alleged with greater particularity below, Defendant JP Morgan Chase Bank, N.A. (together with its corporate parent and subsidiaries, managers, officers, agents, successors, and assigns, collectively referred to as "JPMC"), successor in interest to Chase Manhattan Bank, subjected Judson to discrimination on the basis of his disability (speech impairment), by paying him disparate wages, failing to promote him, and terminating his employment.  JPMC also terminated Judson's employment in retaliation for his complaints of discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to: Section 107(a) of the ADA,

42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3); Section 503(a) and (c) of the ADA, 42 U.S.C. §12203(a) and (c), which incorporates by reference Section 107 of the ADA, 42 U.S.C. §12117; and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and by Section 503(a) and (c) of the ADA, 42 U.S.C. §12203(a) and (c) which incorporates by reference Section 107 of the ADA, 42 U.S.C. §12117.

4. At all relevant times, JPMC has been a New York corporation doing business in the State and City of New York, and has continuously had at least 15 employees.

5. At all relevant times, JPMC has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, JPMC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## **STATEMENT OF CLAIMS**

7. More than thirty days prior to the institution of this lawsuit, Judson filed a charge with EEOC alleging violations of Title I of the ADA by JPMC. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Judson suffers from a speech disorder, severe stuttering, which substantially limits his ability to speak. As such, he is a qualified individual with a disability pursuant to Title I of the ADA.

9. Since at least 1987, JPMC has engaged in unlawful employment practices at its facility located at 1211 Avenue of the Americas, New York, NY, 10036, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12101 et seq. These practices include but are not limited to, the following:

(a) paying Judson less wages than equally or less qualified co-workers who performed the same or similar job duties but were not disabled under the ADA;

(b) denying Judson salary increases and promotions on the basis of his disability; and

(c) terminating Judson on the basis of his disability and in retaliation for complaining about discrimination.

10. The effect of the practices complained of in paragraph 9 above has been to deprive Judson of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Judson.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining JPMC, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B. Order JPMC to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of its unlawful employment practices.

C. Order JPMC to make Judson whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial.

D. Order JPMC to make Judson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs above, including but not limited to emotional pain, suffering and inconvenience, in amounts to be determined at trial.

E. Order JPMC to pay Judson punitive damages for its malicious and reckless conduct described in paragraphs above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G Award the Commission its costs of this action.

4

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

| | |
|---|---|
| Dated: November 21, 2006<br>New York, NY | Respectfully submitted,<br><br>Ronald S. Cooper<br>General Counsel<br><br>James L. Lee<br>Deputy General Counsel<br><br>Gwendolyn Y. Reams<br>Associate General Counsel<br><br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>1801 L Street, N.W.<br>Washington, D.C. 20507<br><br>_____<br>Elizabeth Grossman<br>Regional Attorney<br><br>_____<br>Lisa D. Sirkin<br>Supervisory Trial Attorney<br><br>_____<br>Adela P. Santos (4429)<br>Trial Attorney<br><br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, NY 10004-2112<br>(212) 336-3695<br>(212) 336-3623 (Fax) |