IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/06

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
) CIVIL ACTION NO.
)
Plaintiff, )
)
v. )
)
JPMORGAN CHASE BANK, N.A., SUCCESSOR )
in interest to THE CHASE MANHATTAN BANK, )
)
Defendant. )
_____ )

## CONSENT DECREE

On November 21, 2006 plaintiff Equal Employment Opportunity Commission ("EEOC"),

an agency of the United States government, commenced this action (the "Action") by filing a

Complaint asserting that Defendant JPMorgan Chase Bank, N.A. (together with its corporate

parent and subsidiaries, managers, officers, agents, successors, and assigns, collectively

referred to as "JPMC"), successor in interest to The Chase Manhattan Bank, violated the

Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 by

subjecting William C. Judson to discrimination in that it paid him disparate wages, failed to

promote him, and terminated his employment because of his disability, speech impediment, and

that it terminated him in retaliation for his complaints of discrimination.

EEOC and JPMC agree that it is in their mutual interest to fully resolve the Action

without further litigation.

This agreement was entered into voluntarily by EEOC and JPMC and is not an admission

of liability by JPMC, which denies any wrongdoing or liability in connection with the EEOC

152925:v1

charge of discrimination filed by Judson and with the Complaint, and affirmatively asserts that it has not discriminated against Judson.

EEOC and JPMC enter into this Decree without any Findings of Fact or Conclusions of Law having been made or entered by this or any other Court regarding the allegations set forth in the Complaint by the EEOC.

EEOC and JPMC hereby stipulate and consent to the entry of this Decree as final and binding between the parties entering this agreement and their successors or assigns.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and **IT IS ORDERED AND DECREED AS FOLLOWS:**

## General Provisions

1. This Decree fully and finally resolves all of the issues raised by EEOC Charge No. 160-A0-2662 and/or the Action. This Decree in no way affects EEOC's right to process any pending or future charges that may be filed against JPMC, and to commence civil actions on any such charges.

2. EEOC and JPMC agree that this Court has jurisdiction of the subject matter of the Action and of the parties, that venue is proper, and that all applicable administrative prerequisites have been met.

3. Neither EEOC nor JPMC shall contest the jurisdiction of this court to enforce this Decree or its terms.

4. Nothing in this Decree shall be construed to preclude EEOC or JPMC from bringing proceedings to enforce this Decree upon breach of any of the terms of this Decree by the other party.  EEOC shall have enforcement rights only as they apply to the Shadow

Reconciliations Group of JPMC's Delaware affiliate, J.P. Morgan Services Inc. (the "Shadow Reconciliations Group"), or, subject to restructuring, reorganization or other relevant changes to the business unit, by its functional equivalent, if any.

5.  Breach of any term of this Decree should be deemed to be a substantive breach of this Decree.

6.  JPMC and its managers, officers, agents, successors, and assigns, agree that they will not discriminate against any individual because of the individual's disability or engage in retaliation against any individual for reporting any such discrimination.

## Non-Discrimination Policy

7.  Within 10 days of entry of this Decree, JPMC will modify its existing Equal Employment Opportunity Policy (the "Policy") as reflected in Exhibit A.  Should JPMC wish to make substantive changes to the Policy, it shall provide EEOC with 10 days to object to any such changes. Should the parties be unable to agree on such changes, the matter may be referred to the Court for resolution.  JPMC shall have the right to make non-substantive changes to the Policy without notice to the EEOC.

## Notice and Posting

8.  JPMC will continue to display the standard EEOC poster in places visibly accessible to employees.

9.  Within 10 days of the entry of this Decree, JPMC will display the Notice attached as Exhibit B in places visibly accessible to employees in the Shadow Reconciliations Group.

## Anti-Discrimination Training

10. Within 30 days of the entry of this Decree, and once during the second year of this Decree, JPMC will provide all employees in the Shadow Reconciliations Group no fewer

than one hour of training in federal laws prohibiting discrimination in employment, with a particular emphasis on disability discrimination. EEOC has approved and modified JPMC's training materials.

11. Every six months, JPMC will provide the undersigned counsel for EEOC with information identifying those employees within the Shadow Reconciliations Group who have taken training in federal laws prohibiting discrimination in employment, and identifying which training course the employees have taken.

## Monetary Damages

12. JPMC shall pay Judson $200,000 to be allocated pursuant to a Settlement Agreement entered into by Judson and JPMC, along with a General Release. Neither the Settlement Agreement nor the General Release may be filed with this Court.

## Monitoring

13. The EEOC may monitor JPMC's compliance with this Consent Decree by inspection of JPMC's premises and records relating to the Shadow Reconciliations Group. The undersigned counsel for JPMC shall be give ten (10) business days notice for any such inspection, unless the public interest could be compromised by providing such notice.

## Duration

14. This Decree shall remain in effect for two (2) years from the date of entry. At the conclusion of the two year period, without the necessity of further order of this Court, this Decree and the obligations set forth herein shall cease to have any operative effect and JPMC shall no longer be obligated to comply with the provisions of this Decree.

SO ORDERED AND DECREED this ____ day of _____ , 2006.

_____
United States District Judge

Dated: New York, NY
        November 21 , 2006

_____
Elizabeth Grossman (EG 2478)
Regional Attorney
Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor
New York, New York 10004-2112
(212) 336-3696

Dated: New York, NY
        November 20 , 2006

JPMorgan Chase Legal Department

_____
Meryl R. Kaynard (MRK 0755)
Frederic L. Lieberman (FLL 9454)
Attorneys for JPMC
One Chase Manhattan Plaza, Floor 26
New York, New York 10081
(212) 552-6825 (MRK)
(212) 552-1815 (FLL)

## Exhibit A

**Protection Against Retaliation**

No person who objects to conduct prohibited under this policy, makes a complaint concerning such conduct, or assists in any investigation relating to this policy will be subjected to retaliation or other inappropriate action. …

**Reporting Violations of this Policy**

If you believe you have been subject to conduct that violates this policy or have information about or have witnessed any potential violation of this policy, immediately notify your manager, Human Resources Business Partner or Employee Relations Advice Connection.  Alternatively, you may call the Employee Relations Executive directly at 212.270.6080 or the Human Resources Director at 212.270.2935.

Exhibit B

## **NOTICE**

This <u>NOTICE</u> to all employees of J.P. Morgan Services Inc.'s Shadow Reconciliations Group is being posted and provided as part of a Consent Decree between JPMorgan Chase Bank, N.A. ("JPMC") as Defendant and the U.S. Equal Employment Opportunity Commission ("EEOC") as Plaintiff.

Federal law requires that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color, religion, age or disability with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.

JPMC will comply with such federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges, cooperating with the EEOC, or otherwise opposing employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Equal Pay Act.

The EEOC is a federal agency established to eliminate illegal discrimination from the workplace. It maintains offices throughout the United States. Its toll-free telephone number is 1-800-669-4000 (TTY: 1-800-669-6820). If you believe that you have been discriminated against or harassed in the course of your employment, or if you believe that you have been retaliated against, you may call the EEOC to report your complaint. You may visit its website at www.eeoc.gov for more information about your rights as an employee and for information on how to file a charge of discrimination.

This <u>NOTICE</u> will remain posted until *2 YEARS FROM DATE OF SIGNATURE.*
SIGNED this _____ day of _____, 2006.

_____

*DO NOT REMOVE NOTICE UNTIL <u>2 YEARS FROM DATE OF SIGNATURE.</u>*